## Appeal of R. A. TUTTLE CO.        Docket No. 1723.

Numerous advantageous intercompany transactions and the ownership of 50 per cent of the stock, together with the employment of the owner of the other 50 per cent, *held* not to establish affiliation.

Potential control without a showing of actual exercise of the potentialities, *held* insufficient to established affiliation. *Appeal of Isse Koch & Co., Inc.*, 1 B. T. A. 624, cited and distinguished.

Submitted April 1, 1925; decided May 23, 1925.

*Thomas F. O'Brien, C. P. A.*, for the taxpayer.

*Percy S. Crewe, Esq.*, for the Commissioner.

Before IVINS and MARQUETTE.

The deficiency letter also advised the taxpayer that it would be allowed credit for an overassessment for 1919 in the amount of $37.15, as a result of a claim for abatement of $24,567.90 for that year.

The deficiency arose as a result of the Commissioner's refusal to allow the filing of a consolidated return by the taxpayer and the Lund Textile Co. All material allegations have been admitted by the Commissioner's answer and by an oral demurrer. From the record the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a Massachusetts corporation engaged as a selling agent in the textile trade; the Lund Textile Co. is a New York corporation.

2. The total outstanding voting stock of the Lund Textile Co. during the years involved was 750 shares, of which the taxpayer

owned 375 shares. The remaining 375 shares were owned by P. L. Brandt, who is described as an employee of the taxpayer under a "stringent contract" the nature of which does not appear.

3. The taxpayer guaranteed accounts of the Lund Textile Co., mostly through the endorsement of trade acceptances. It likewise arranged the latter's purchases, made large advancements, guided its financial policy, and maintained its books of account at practically no expense to the Lund Co.

4. During 1920, as a result of the cancellation of orders and generally unstable conditions in the trade, a loss of approximately $70,000 was sustained and assumed by the Lund Co., although custom would require the taxpayer to assume such losses.

5. On December 31, 1920, the taxpayer held demand notes of the Lund Co. totaling approximately $500,000.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

IVINS: The Commissioner's answer contains a plea in bar to the Board's jurisdiction as to the year 1919. This contention is overruled on authority of the Board's decision in the *Appeal of E. J. Barry*, 1 B. T. A. 156; and *Appeal of Hickory Spinning Co.*, 1 B. T. A. 409.

Turning now to the merits, we find that the record fails to present more than indications of potential control of the Lund Co. by the taxpayer. In effect the taxpayer has asked that affiliation be found because it owned 50 per cent of the stock of a corporation and employed the owner of the other 50 per cent; and in addition, because of numerous transactions between the two companies, some of which are unusually advantageous to one party or the other.

The taxpayer has relied strongly upon the decision of this Board in the *Appeal of Isse Koch & Co., Inc.*, 1 B. T. A. 624. The appeals are clearly distinguishable in essentials. It has not been shown that the taxpayer exercised control of the stock of its employee Brandt nor that it could assert such control successfully. In the *Koch* appeal an enforceable contract of control, actually exercised, was shown.

Even if it should be admitted for purposes of argument that potential control existed in this appeal, the actual exercise of that control should appear before affiliation is permitted, especially in view of the division of stock ownership.

The taxpayer's contract with Brandt is not in the record and the Board has no inkling of its content. We can not assume that by it Brandt's stock is at the taxpayer's command nor that it contains terms conducive to Brandt's use of his stock as the taxpayer might direct.

It is held, therefore, that the right to affiliation has not been established.